3:23-mj-114

DISTRICT OF OREGON, ss:                        AFFIDAVIT OF JOSEPH O. YOUNGBLOOD

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Joseph O. Youngblood, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.      I am a Special Agent with the Federal Bureau of Investigation and have been employed as such since July of 2019. Since December of 2019, I have been assigned to the Portland Division Violent Crime Squad. In this time, I have conducted investigations into numerous Federal criminal violations, to include assaults on federal employees. My training and experience include my experience as a Special Agent with the FBI, during which time I completed 24 weeks at the FBI Academy in Quantico, Virginia, as well as four years of federal law enforcement experience as a Military Police Officer in the United States Marine Corps. In my career, I have accrued extensive training and experience in the various means and methods of violent force to include the application of firearms, chokeholds, striking, and other tactics which constitute a risk of death or serious physical injury to another person.

2.      I submit this affidavit in support of a criminal complaint and arrest warrant for **Jett Avery Thomas** who, on or about July 3, 2023, within the District of Oregon, did knowingly and forcibly assault, resist, oppose, impede, intimidate, and interfere with Adult Victim 1 (hereafter, referred to as AV1), a Court Security Officer and Special Deputy U.S. Marshal employed by the United States Marshal Service and a person designated in Title 18, United States Code, Section 1114, while AV1 was engaged in, and on account of, the performance of AV1's official duties and in committing this offense, **Jett Avery Thomas** made physical contact

///

///

with AV1, used a dangerous weapon, to-wit: a radio, and inflicted bodily injury on AV1, all in violation of Title 18, United States Code, Section 111(a) and (b).[1]

3. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and arrest warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## Applicable Law

4. 18 U.S.C. § 111(a) prohibits a person from forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any person designated in section 1114 of this title while engaged in or on account of their performance of official duties. Any person who commits a violation of 18 U.S.C. § 111(a) and causes physical contact to the victim shall be fined or imprisonment not more than eight years, or both.

5. 18 U.S.C. § 111(b) provides that whoever, in the commission of any acts described in 18 U.S.C. § 111(a) uses a deadly or dangerous weapon or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both. A dangerous weapon includes any object used in a manner likely to endanger life or inflict great bodily harm. *United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994).

///

///

---

[1] The real identity of AV1 is known to me.

**Affidavit of Special Agent Youngblood**　　　　　　　　　　　　　　　　　　　　　　**Page 2**

6. 18 U.S.C. § 1114 – Protection of Officers and Employees of the United States – designates the persons protected by the statute as "any officer or employee of the United States or of any agency in any branch of the United States Government."

### Statement of Probable Cause

7. On the morning of July 3, 2023, AV1, was employed by the U.S. Marshal's Service as a Court Security Officer and Special Deputy U.S. Marshal and thus an officer or employee of the United States or of any agency in any branch of the United States Government. At approximately 6:20 AM Pacific Standard Time, AV1 was conducting his assigned security duties at the Pioneer Federal Courthouse located at 700 SW 6th Ave, Portland, Oregon within the District of Oregon. At that time, an individual, later identified as **Jett Avery Thomas (Thomas)**, threw an unknown beverage and beverage container at the front door of the Pioneer Federal Courthouse. Thomas then approached the closed metal gate, which is approximately three and a half feet high, and climbed over it.

///

///

///



**Photograph of Crime Scene at Pioneer Federal Courthouse**



**Security Video Still of Thomas Climbing Gate**

8. AV1 observed **Thomas'** conduct and exited the front door of the courthouse to address **Thomas**. **Thomas** then began to yell at AV1 and charged up the stairs towards AV1 and the front door of the courthouse. AV1 retreated into the entry vestibule of the courthouse and attempted to secure the door behind him, but before AV1 could do so, **Thomas** was able to grab hold of the door from the exterior and physically overpower AV1 and wrench the door open. **Thomas** then lunged into the vestibule and punched AV1 in the head. While AV1 was attempting to defend himself, **Thomas** punched AV1 in the head four to six times with a closed fist. **Thomas** then pinned AV1 to the wall and while holding AV1 by the throat he again struck AV1 in the head with a closed fist. **Thomas** then forced AV1 out of the front door and down the steps of the courthouse towards the closed gate. Pictures below:



**Security Video Still Showing Thomas Forcing Door Open**

**Affidavit of Special Agent Youngblood**                                                                                         **Page 5**



**Security Video Still Showing Thomas Choking and Punching AV1**

9. **Thomas** pursued AV1 down the courthouse steps where he again struck AV1 in the head with a closed fist. AV1 attempted to turn away from **Thomas** and utilize his handheld radio. **Thomas** then grabbed AV1 from behind and placed AV1 in a rear chokehold with his left arm tightly around AV1's neck. **Thomas** then wrested AV1's handheld radio from him, and, while still choking him, struck AV1 twice in the side of his head with the butt of the radio. I have observed the radio that was used in the assault and recognize that it is a hard object weighing approximately one pound and appears certainly capable of causing great bodily harm to a person.

///

**Affidavit of Special Agent Youngblood**                                                                 Page 6



**Security Video Still Showing Thomas Striking AV1 with Radio**



**Photograph of the Handheld Radio**

**Affidavit of Special Agent Youngblood**                                                      **Page 7**

10. Around this time, a bystander who had observed the altercation ran up to the closed gate and began to yell at **Thomas**. **Thomas** appeared to get distracted by the bystander and AV1 was then able to twist away from **Thomas** and access his service weapon. AV1 fired two shots into **Thomas**' torso at close range. **Thomas** then fell to the ground where he was apprehended and provided with first aid. **Thomas** was transported to the emergency room at a local hospital where he underwent surgery for his injuries.

11. Due to no ambulance being available for AV1, USMS personnel transported AV1 to another local hospital where he was treated for injuries. USMS personnel who transported AV1 stated that AV1 complained of head, neck, and back pain at the time of transport. USMS personnel also observed that AV1 was bleeding from his mouth and ear at the time he was transported and these injuries all appeared to be a direct result of the assault by **Thomas**.

12. The bystander who intervened in the assault, Adult Witness 1 (hereafter, AW1) whose identity is known to me, was interviewed by responding Portland Police Bureau Detectives. In his interview, he relayed that when he saw **Thomas** attacking AV1 he could see AV1's face turning purplish-blue from **Thomas**' chokehold and that he did not think AV1 was going to be able to stand much longer. AW1 said that he told **Thomas** that he was going to get shot if he did not stop.

13. Another bystander, Adult Witness 2 (hereafter, AW2), whose identity is known to me, also observed the assault of AV1 by **Thomas** and was interviewed by Portland Police Bureau Detectives. In his statement, he relayed that he felt AV1's actions were reasonable and he believed that **Thomas** intended to choke-out and possibly kill AV1.

14. **Thomas** is approximately 5'11" tall and weighs approximately 260 pounds. In my training and experience, **Thomas**' closed fist strikes to AV1's head are sufficient to pose a

risk of death or other serious physical injury. The physical size difference between **Thomas** and AV1, as well as AV1's age (approximately 64), further exacerbate this danger. **Thomas'** choking of AV1 within the vestibule of the courthouse as well as his application of a rear chokehold on the stairs to the courthouse constituted an imminent danger of death or serious physical injury from strangulation and loss of blood supply to the brain. I also believe that **Thomas'** two strikes to AV1's head with AV1's handheld radio constituted an assault with a dangerous weapon and also constituted an imminent danger of death or great bodily harm from blunt force trauma to the skull and brain.

### Conclusion

15.    Based on the foregoing, I have probable cause to believe, and I do believe, that **Jett Avery Thomas** did knowingly and forcibly assault, resist, oppose, impede, intimidate, and interfere with AV1, a Court Security Officer and Special Deputy U.S. Marshal employed by the United States Marshal Service and a person designated in Title 18, United States Code, Section 1114, while AV1 was engaged in, and on account of, the performance of AV1's official duties and in committing this offense, **Jett Avery Thomas** made physical contact with AV1, used a dangerous weapon, to-wit: a radio, and inflicted bodily injury on AV1, all in violation of Title 18, United States Code, Section 111(a) and (b). I therefore request that the Court issue a criminal complaint and arrest warrant for **Jett Avery Thomas**.

///

///

///

16.	Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Scott Kerin and AUSA Kerin advised me that, in his opinion, the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

/s/ *By phone*
JOSEPH O. YOUNGBLOOD
Special Agent, FBI

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 5:59 pm on July 3, 2023.

*Youlee Yim You*
HON. YOULEE YIM YOU
U.S. Magistrate Judge